1  PHILLIP A. TALBERT
   United States Attorney
2  ANTONIO J. PATACA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:   (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                   IN THE UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.  1:21-CR-00069-DAD-BAM

12                     Plaintiff,         STIPULATION TO CONTINUE STATUS
                                          CONFERENCE AND EXCLUDE TIME UNDER
13           v.                           SPEEDY TRIAL ACT; FINDINGS AND ORDER

14  LUIS FRANCISCO ABRAMS,                DATE: June 22, 2021
                                          TIME: 1:00 p.m.
15                     Defendant.         COURT: Hon. Barbara A. McAuliffe.

16

17                          **BACKGROUND**

18       This case is set for a status conference on June 22, 2021.  On May 13, 2020, this Court issued

19  General Order 618, which suspends all jury trials in the Eastern District of California "until further

20  notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters,

21  excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued

22  on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."

23  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case

24  exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of

25  counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will

26  impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous

27  General Orders were entered to address public health concerns related to COVID-19.

28       Although the General Orders address the district-wide health concern, the Supreme Court has

1  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

2  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

3  *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

4  exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at

5  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

6  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

7  or in writing").

8       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-

10  justice continuances are excludable only if "the judge granted such continuance on the basis of his

11  findings that the ends of justice served by taking such action outweigh the best interest of the public and

12  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable

13  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

14  the ends of justice served by the granting of such continuance outweigh the best interests of the public

15  and the defendant in a speedy trial." *Id.*

16       The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code

17  T4). The Government's position is that although the Speedy Trial Act does not directly address

18  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

19  discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-

20  week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d

21  764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial

22  to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001)

23  (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant

24  public emergency).

25       The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

26  proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-

27  exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

28  continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL

STIPULATION TO CONTINUE STATUS CONFERENCE
AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT

1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on June 22, 2021.

2.      By this stipulation, the defendant now moves to continue the status conference until August 24, 2022, and to exclude time between June 22, 2021, and August 24, 2022, under 18 U.S.C. § 3161(h)(7)(A).

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form, videos, photographs, and digital evidence.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to review discovery, consult with her client, and discuss potential resolutions with her client.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into

1    account the exercise of due diligence.

2          d)      The government does not object to the continuance.

3          e)      Based on the above-stated findings, the ends of justice served by continuing the

4    case as requested outweigh the interest of the public and the defendant in a trial within the

5    original date prescribed by the Speedy Trial Act.

6          f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

7    et seq., within which trial must commence, the time period of June 22, 2021 to August 24, 2022,

8    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) and (iv) [Local Code

9    T4] because it results from a continuance granted by the Court at the defendant's request on the

10   basis of the Court's finding that the ends of justice served by taking such action outweigh the

11   best interest of the public and the defendant in a speedy trial.

12         4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

13   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

14   must commence.

15

16         IT IS SO STIPULATED.

17

18

19   Dated:  June 15, 2022                    PHILLIP A. TALBERT
                                              United States Attorney
20

21                                            /s/ ANTONIO J. PATACA
                                              ANTONIO J. PATACA
22                                            Assistant United States Attorney

23

24   Dated:  June 15, 2022                     /s/ CHRISTINA CORCORAN
                                              CHRISTINA CORCORAN
25                                            Counsel for Defendant
                                              LUIS FRANCISCO ABRAMS,
26

27

28

**FINDINGS AND ORDER**

IT IS ORDERED that the status conference set for June 22, 2021, at 1:00 pm is continued until **August 24, 2022, at 1:00 pm before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the period of time from June 22, 2021, through August 24, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **June 15, 2022**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE