UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS FRANCISCO ABRAMS,<br><br>Defendant. | Case No. 1:21-cr-00069-ADA-BAM-1<br><br>ORDER DENYING MOTIONS FOR BAIL REVIEW<br><br>(ECF Nos. 59, 71)<br><br>ORDER GRANTING REQUESTS TO SEAL<br><br>(ECF Nos. 60, 73, 76)<br><br>ORDER DIRECTING CLERK TO MAIL DEFENDANT A CIVIL RIGHTS COMPLAINT FORM |

Defendant Luis Abrams has been indicted on firearm and drug charges and is detained pursuant to 18 U.S.C. §§ 3142(e) and (i) of the Bail Reform Act. (ECF Nos. 6, 13). This matter is before the Court on (1) Defendant's motions for bail review (ECF Nos. 59, 71), which ask the Court to order that he receive hernia surgery while detained or that he be released from custody to obtain surgery, and (2) both parties' requests to seal confidential medical information submitted with their briefing on the bail-review motions. (ECF Nos. 60, 73, 76).

After a hearing on January 11, 2023, the Court took the motions under submission. (ECF No. 68, 72). For the reasons given below, the Court will deny Defendant's motions for bail review and grant the parties' requests to seal confidential medical information.

**I.    OVERVIEW OF FILINGS**

Defendant states that doctors at Fresno County Jail and Tulare County Jail have recommended hernia surgery; however, the United States Marshals Service has denied the

1

request. (ECF No. 71, p. 3). Defendant moves the Court to order that he receive hernia surgery while detained, or, alternatively, to order that he be released under 18 U.S.C. §§ 3142(f) and (i) so that he can obtain the surgery. (ECF Nos. 59, 71).[1]

The United States argues that the proper mechanism to obtain court ordered surgery is through a civil action, not this criminal case. (ECF No. 75, *see also* ECF No. 54). Additionally, the United States argues that the original grounds for detaining Defendant warrant his continuing detention despite his health condition.

In support of their positions, both parties have provided confidential medical information, which they request permission to file under seal. (ECF Nos. 60, 73, 76). The Court will grant the requests to seal. *See United States v. Lopez-Perez*, No. 1:14-CR-0045 AWI-1, 2021 WL 809396, at *1 (E.D. Cal. Mar. 3, 2021) ("Medical records contain private, confidential, and often sensitive information, and courts often order medical records to be filed under seal.").

## II. ANALYSIS

### A. Request for Court to Order Surgery

Citing cases recognizing that confined individuals have the constitutional right to adequate medical care, Defendant argues that "[i]t is well within this Court's discretion to order that a federal defendant under its jurisdiction receive needed medical treatment." (ECF No. 59, p. 5). While the Court agrees that Defendant's constitutional rights may be implicated by the denial of surgery, it disagrees as to the mechanism to vindicate such rights.

Defendant cites one case from this District that ordered a defendant in a criminal case to be medically evaluated for treatment, *United States v. Heathington*, 2:20-cr-00008-TLN (Sept. 21, 2020) (ECF No. 29). However, the underlying motion to compel medical treatment in that case was not opposed; thus, the order did not address any actual dispute regarding a Court's power to compel medical treatment. Additionally, the Court in that case only ordered a further evaluation—not the medical treatment itself. Moreover, "[a]s several courts have recognized, the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties . . . rather than a motion in his criminal case." *United*

---

[1] Defendant's latest motion for bail review (ECF No. 71) is materially similar to his other motion (ECF No. 59), except that it contains additional information regarding the medical treatment and recommendations to date.

*States v. Luong*, No. CR 99-433WBSGGH, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009) (collecting cases). This procedure is appropriate, in part, because "the only parties to this criminal proceeding are the United States and the defendant[]." *Id.* at *2. Allowing Defendant to bring claims of inadequate medical treatment in this criminal case, which involves the Marshals Service and jail officials, would not "properly apprise those individuals who have the requisite authority and ability to address and potentially remedy defendant's grievances." *Id.*

Nor can the Court determine based on the record to date that the requested surgery is warranted under applicable law or that Defendant's constitutional rights are being violated due to the lack of medical care. The opinion of the Marshals Service to deny surgery was informed by a medical evaluation. While the Court appreciates that there appears to be a difference of medical opinion, and recognizes that Defendant has an apparently significant medical issue, the Court is not in a position to unliterally override the Marshals' Service determination in this case.

While "Federal pretrial detainees may ordinarily challenge the conditions of their confinement only in a separate civil action," there is "one exception to this rule for challenges to conditions that prevent a defendant from consulting with counsel or exercising other trial rights." *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2021 WL 4777113, at *3 (E.D. Cal. Oct. 13, 2021). On this issue, Defendant states that "his focus has been on getting this condition treated instead of on dealing with his substantive case." (ECF No. 59, p. 4). However, he provides no developed explanation as to how his consultation with counsel, exercise of rights, or defense of this case have been impeded by his failure to receive surgery.

However, as explained at the hearing, nothing prevents Defendant from pursuing appropriate grievances at the Jail or filing a civil action challenging the denial of medical treatment, which could include a motion for preliminary injunction. To that end, the Court will direct the Clerk to mail Defendant a civil rights complaint form should he choose to file a civil action.[2]

---

[2] The undersigned also consulted with the Marshals Service following the filing of the motion for bail review and requested that it evaluate this issue in light of Defendant's motions. The Marshals Service obliged the request but declined to change the recommendation that Defendant not receive surgery. It is the Court's understanding that Defendant has been seen by medical staff and has access to the current medical assessment, including the basis to continue to deny the request for surgery.

### B. Request for Release

Defendant alternatively seeks to be released so that he can obtain surgery. He cites two provisions: (1) 18 U.S.C. § 3142(f), which allows a court to reopen a detention hearing if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community" and (2) 18 U.S.C. § 3142(i), which "permit[s] the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."

Neither provision warrants reassessment of Defendant's custodial status. The medical records indicate that Defendant had his hernia condition years before the detention hearing in this case. To the extent that there is new information regarding the worsening of this condition, such information is not material. Importantly, after consideration of the relevant factors, which indicated a strong risk of flight, Defendant was detained. (ECF No. 6). Such considerations have not changed and there are still no conditions of release that satisfy 18 U.S.C. § 3142(f).

Likewise, Defendant's release for surgery is not necessary for his defense nor is there a compelling reason to release him. While the Court does not wish to diminish Defendant's condition, relief under 18 U.S.C. § 3142(i) is granted "sparingly," such as where the Defendant has a "terminal illness or serious injuries." *United States v. Brown*, No. 119CR00256NONESKO, 2020 WL 2615031, at *2 (E.D. Cal. May 22, 2020) (internal quotation marks and citation omitted). The provided medical records indicate that, while Defendant is not receiving the treatment he desires—surgery—he is being monitored and treated. The sparing relief under 18 U.S.C. § 3142(i) is not warranted.

### III. ORDER

For the reasons given, IT IS ORDERED as follows:

1. Defendant's motions for bail review (ECF Nos. 59, 71) are denied.
2. The parties' requests to seal (ECF Nos. 60, 73, 76) are granted in full. The parties are directed to comply with Local Rule 141(e) to ensure that the documents at issue are

properly filed under seal.

3. The Clerk of Court is directed to mail Defendant a civil rights complaint form.

IT IS SO ORDERED.

Dated: __March 24, 2023__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE